IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK WAYNE BROADNAX, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-14-2537 |
| § | |
| WILLIAM STEPHENS, § | |
| Director of the Texas Department § | |
| of Criminal Justice - Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Patrick Wayne Broadnax's petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 3). Respondent has filed a motion for summary judgment (Dkt. 7). The court recommends that respondent's motion be granted and Broadnax's petition be denied with prejudice.

## Background

Broadnax is currently in the custody of the Texas Department of Criminal Justice serving a 30-year sentence for aggravated robbery. It is not necessary to recite the procedural history of his appeal and state habeas proceedings because he is challenging a disciplinary proceeding, not his conviction.

Broadnax was charged with possession of a Uniform Commercial Code form, a felony under Texas Penal Code 37.101, and a level 1 Code 10.0 violation of prison disciplinary rules. He was found guilty and punishment was assessed as loss of 45 commissary days; loss

of 45 property days; 45 days cell restriction; reduction in class from S3 to L1; and loss of 200 previously earned good-time days.

**Analysis**

A prisoner is entitled to federal habeas relief only when he has been deprived of some right secured by the United States Constitution or federal law. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007). "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). However, prisoners do not lose all constitutional rights when they are incarcerated. *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). While the Supreme Court explained in *Sandin* that states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484.

Broadnax cannot state a claim for federal relief based on his punishments of loss of commissary and property privileges, cell restriction, and line class. A prisoner cannot state a claim for federal habeas relief based on disciplinary sanctions unless the sanctions imposed affect the fact or duration of the prisoner's sentence. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir 2000). A change in good time earning classification will not "inevitably" affect the duration of a prisoner's sentence and thus does not give rise to a claim for federal habeas relief. *Malchi*, 211 F.3d at 959; *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997);

*Sandin*, 515 U.S. at 487. Moreover, restrictions such as lost privileges and cell confinement are not atypical of the hardships that commonly occur in prison life. *See Malchi*, 211 F.3d at 958 ("Clearly, . . . thirty day loss of commissary privileges and cell restriction do not implicate due process concerns"); *Madison*, 104 F.3d 765, 767 (5th Cir. 1997) (loss of commissary and cell restriction); *Pickens v. Minton*, 109 Fed. Appx. 655, 656 (5th Cir. 2004) (placement in isolation for 20 days); *Sandin*, 515 U.S. at 485-86 (segregated confinement). A prisoner cannot state a claim for federal habeas relief based on disciplinary sanctions unless the sanctions imposed affect the fact or duration of the prisoner's sentence. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir 2000).

Broadnax also cannot state a claim for federal relief based on his loss of previously earned good-time credits. There is no constitutional expectancy of parole in Texas because it is a discretionary act. *Malchi*, 211 F.3d at 957. Texas's mandatory supervision scheme, "with its narrowly limited modicum of discretion," does create a protected liberty interest in previously earned good time credits. *Teague*, 482 F.3d at 776. However, Broadnax concedes in his petition, and respondent's motion confirms, that he is not eligible for release on mandatory supervision.

**Conclusion**

Broadnax cannot state a claim for federal habeas relief based on alleged constitutional defects in his disciplinary proceedings because he is not eligible for release on mandatory

supervision. Therefore, the court recommends that Broadnax's petition be denied with prejudice.

The court further finds that Broadnax has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on May 11, 2015.

Stephen Wm Smith
United States Magistrate Judge